W. P. WILLIAMS v. JOHN GILL, Receiver of the Cape Fear & Yadkin Valley Railroad Company.

(Decided April 12, 1898).

*Action for Damages—Issues—Practice—Trial—Common Carriers—Assault on Passenger by Employee—Evidence—Insolvency of Railroad Company.*

1. The framing of issues being a matter within the sound discretion of the Court, a party excepting thereto must show that the exercise of such discretion has operated to his injury.

2. In the trial of an action for an assault on a passenger, by an employee, on defendant's railroad train, where the complaint alleged that plaintiff was assaulted by the Conductor and another person in defendant's employment, it was not prejudicial to the defendant to change an issue at first framed and submitted as follows: Did the defendant through the Conductor and other agents or servants unlawfully assault" etc., by substituting the disjunctive "or" for the conjunction "and."

3. The fact that the brakeman on a railroad train struck a passenger instantaneously upon the latter's using a vile epithet to him, and before the Conductor could interfere, will not relieve the railroad company from its liability for the assault.

4. Where the relation of carrier and passenger exists, the conduct of an employee of the carrier in inflicting violence on a passenger, though the act be outside of the scope of his authority or even willful and malicious, subjects the carrier to liability in damages just as fully as if the carrier had encouraged the commission of the act. (FAIRCLOTH, C. J., dissents, *arguendo*).

5. Where, upon the trial of an action, no part of the plaintiff's testimony was favorable to the defendant and several of the latter's witnesses testified to the fact alleged in the complaint as the cause of action, it was not error to instruct the jury that, if they believed the defendant's testimony, they should find for the plaintiff.

6. The fact that a railroad corporation is in the hands of a receiver is no evidence of its insolvency.

CIVIL ACTION for damages for an assault upon the plaintiff, while a passenger on the Cape Fear and Yad-

kin Valley Railroad, by the servants and agents of the defendant, who is Receiver of the company, tried before *Starbuck*, *J.*, at Fall Term, 1897, of ROCKINGHAM Superior Court. The facts appear in the opinion. There was a verdict for the plaintiff fixing the damages at $500 and from the judgment thereon the defendant appealed.

Messrs. *C. O. McMichael* and *Scott & Reid* for plaintiff.
Mr. *J. T. Morehead* for defendant (appellant).

MONTGOMERY, J.: The plaintiff in his complaint alleged that while he was a passenger on the defendant's train he was assaulted by the conductor and another person who was in the employment of the company in the conducting of the train. He also alleged that after the assault he was ejected from the train by the conductor and other of the agents and employees of the company. These allegations were denied in the answer. At the conclusion of the evidence, in which it was disclosed that the assault was made by a brakeman of the company, the conductor having taken no part in it, the court changed the first issue by substituting the disjunctive "*or*" for the conjunctive "*and*" as between the conductor and servants of the company. The first issue as originally framed was in the following language: "Did the defendant, through the conductor *and* other agents or servants, unlawfully assault and beat the plaintiff?" The defendant made his first exception to the change in the issue. His Honor committed no error in making the change. The framing of the issues is a matter within the sound discretion of the court, and in cases where exceptions are made to the issues the party excepting must show that the exercise of that discretion operated to his injury. *Pickett* v. *Railroad*, 117 N.

C., 616. The rule presupposes that such issues as are submitted to the jury are raised by the pleadings. *Emery* v. *Railroad*, 102 N. C., 209. The issue, in the form in which it was framed, was raised by the pleadings. It was not necessary to make the company liable that the assault upon the plaintiff should have been a *joint* assault by the conductor and brakeman. The assault of either, as alleged in the complaint and denied in the answer, raised the issue in the disjunctive form in which it was framed.

The defendant asked the court to instruct the jury that, as the uncontradicted testimony of the plaintiff showed that the brakeman struck the plaintiff instantaneously with the applying to the brakeman by the plaintiff of a vile epithet, the brakeman was therefore not acting within the scope of his authority and the defendant would not be held responsible for the brakeman's act, and that the blow was so sudden that the conductor could not have prevented it and the defendant would not be responsible. His Honor was right in declining to give the instruction. The brakeman was engaged in the service of the company on the occasion and the company was bound in duty to protect the plaintiff, a passenger, against the assault or rude treatment of its employee; the brakeman. *Daniel* v. *Railroad*, 117 N. C., 592; 42 Penn. State Rep. 365; 103 Ill., 546; 57 Me., 202. Indeed, where the relation of carrier and passenger exists, the conduct of an employee of the carrier in inflicting violence on the passenger, though the act be outside of the scope of his authority or even willful and malicious, subjects the carrier to liability in damages just as fully as if the carrier had encouraged the commission of the act. See authorities cited in the

concurring opinion of Avery, J., in *Daniel* v. *Railroad*, *supra*. In the same case, FAIRCLOTH, C. J., delivering the opinion of the court, says to the same effect: "Passengers are entitled to protection from the carrier's agent against assaults or insults from their own employees, from other passengers or persons on the train whether such persons are rightfully on the train or not. The reason of the above rigid rule is that the passenger and his baggage, during the transit, are in the possession of and under the immediate supervision and control of the carrier's agents, as the conductor and baggage master, and, hence, the difference in degree of the liability of the defendant as a carrier and a warehouseman." Of course, if an assault should be made by a passenger upon the employee of the carrier, the carrier would have the same right as any other person would have to defend himself. Insulting language does not justify an assault, and certainly an employee of a common carrier on duty upon the carrier's train ought to be the last to make an assault for insulting language used to him, for he stands in relation to a passenger as a protector and a guard. The court charged the jury that, if they believed the defendant's own testimony, they should answer the first issue "Yes." There was no error in this charge upon a consideration of all the evidence. Each of the plaintiff's witnesses testified to the assault by the brakeman upon the plaintiff, and the defendant therefore could have derived no benefit from the plaintiff's testimony if the jury had heard it. None of it was favorable to him. If any part of the plaintiff's testimony had been favorable to the defendant, then the instructions would have been wrong. The defendant and his witnesses, all, likewise testified to the assault of the brakeman upon the plaintiff, and his

Honor committed no error in instructing the jury that, if they believed the defendant's own testimony, they should answer the first issue "Yes."

This was not the case of singling out one witness from the others, where the evidence is contradictory, and instructing the jury that, if they believed the one witness, they should make a finding upon his testimony.

The last exception of the defendant was to that part of his Honor's charge in which he said there was no evidence as to the defendant's insolvency. The contention of the counsel was that the fact that the summons was issued against the receiver of the company, and the further fact that it was alleged in the complaint that the defendant company was in the hands of a receiver furnished some evidence of insolvency. We think the contention was unfounded, for receivers may be appointed for other reasons than insolvency, and there was no proof on the trial as to the causes for the appointment of a receiver. His Honor's instruction was correct. Affirmed.

FAIRCLOTH, C. J., concurring.—I concur in the legal conclusion of the opinion but I do not agree with the proposition announced that, "Indeed, where the relation of carrier and passenger exists, the conduct of an employee of the carrier, in inflicting violence on the passenger, though the act be outside of the scope of his authority or even willful and malicious, subjects the carrier to liability in damages just as fully as if the carrier had encouraged the commission of the act." That proposition has not yet been adopted by this court, but was rejected in *Daniel* v. *Railroad*, 117 N. C., 592. The facts in this case do not authorize or call for such an expression. Too much *dicta* leads to confusion, and

requires too much subsequent explanation.   The proposition would certainly require very serious consideration.