## PALMER v. WINSTON-SALEM RAILWAY AND ELECTRIC CO.

(Filed November 11, 1902.)

1. ASSAULT AND BATTERY—*Damages—The Code, Sec. 525, Sub-sec. 4.*

>   In an action for damages for an assault, provocation is not a defense, but may be shown in mitigation of damages.

2. ASSAULT AND BATTERY—*Damages—Carriers—Street Railways—Master and Servant.*

>   In an action against a street railway company, for an assault by its motorman, to render the company liable the person injured must be a passenger on the car of the company at the time of the assault, or still within the sphere of its protection, or the employe must be acting at the time within the scope of his employment on the car of the company.

ACTION by Alfred Palmer against the Winston-Salem Railway and Electric Company, heard by Judge *A. L. Coble* and a jury, at March Term, 1902, of the Superior Court of FOR-SYTHE County. From a judgment for the plaintiff, the defendant appealed.

*Jones & Patterson,* for the plaintiff.
*Glenn, Manly & Hendren,* and *Watson, Buxton & Watson,* for the defendant.

CLARK, J. The plaintiff, while a passenger on the street car of the defendant and somewhat intoxicated, used grossly insulting words to the motorman. Arrived at his destination, the plaintiff got out, deposited his bundles on the sidewalk, returned to the car, again got into an altercation with the motorman, turned and left the car, whereupon the motorman followed him up and, two or three steps from the car, struck the plaintiff on the back of the head with the lever which controlled the car, knocking him down.

The fact that the plaintiff invited the assault by insulting language or provoking conduct would not bar recovery in a civil action, not even when the parties fight by consent. *Bell v. Hansley,* 48 N. C., 131; *Williams v. Gill,* 122 N. C., 967; Cooley on Torts (2d Ed.), pages 183, 187 and 190. The rule in criminal actions is that no words, however violent and insulting, justify a blow, but if a blow follows, both are guilty, though the party giving the insult strikes no blow. The insult is not a defence, but matter in mitigation of punishment. In a civil action, if the provocation is great, the jury will usually see fit to return nominal or small damages, and if the amount is less than fifty dollars, the plaintiff recovers no more costs than damages. Code, Sec. 525 (4). In the civil, as in the criminal action, the provocation is a mitigation, not a defence.

The only question which remains is as to the liability of the defendant for the assault upon the plaintiff. If the plaintiff had been a passenger, or his passage had not been fully terminated, or if, when he left the car at his destination, the employee had immediately followed the passenger up and assaulted him, the defendant concedes that there would be no question as to the liability of the company. *Daniel v. Railroad,* 117 N. C., 592; *Williams v. Gill,* 122 N. C., 967; *Strother v. Railroad,* 123 N. C., 197.

Here, the passage had terminated, for the passenger had deposited his bundle and then returned to the car. *Railroad v. Peacock,* 69 Md., 257; 9 Am. St. Rep., 425; *Railroad v. Boddy,* 51 L. R. A., 885; *Creamer v. R. Co.,* 156 Mass., 320; 16 L. R. A., 490; *Railroad v. Bates,* 103 Ga., 333. But the plaintiff insists, however, that the defendant is liable, notwithstanding, if the motorman assaulted the plaintiff while acting in the scope of his employment. The Court so charged, and the exception is that the evidence, as above stated, did not justify submitting that matter to the jury.

In *Pierce v. Railroad,* 124 N. C., 83; 44 L. R. A., 316; the fireman threw a lump of coal at a boy stealing a ride on the tender of a switching engine, in violation of a town ordinance, knocking him from the engine, or frightening him so that he fell, and was run over and killed by the engine, which was running backwards.

In *Cook v. Railroad,* 128 N. C., 333, a tramp was stealing a ride under a car. A flagman and a brakeman threw rocks at him, striking the rod under him, frightening him and causing him to get off while the car was in motion, whereby his foot and he was caught and badly hurt.

In *Brendle v. Railroad,* 125 N. C., 474, the plaintiff was watering his team at a stream, the engineer on a train passing on a bridge above wantonly blew his whistle for the purpose of frightening the plaintiff's horses, which ran away, throwing the plaintiff out of his wagon and injuring him.

In none of these cases was the plaintiff a passenger, and in the first two he was a trespasser, and in all three the company was held responsible. But this was because the servant of the company was "acting in the scope of his employment," *i. e.,* on duty as servant, when the tort was committed.

But here the plaintiff was neither a passenger nor was the employee acting within the scope of his employment. The Court should have told the jury that, taking the evidence most strongly for the plaintiff, they should answer the first issue "No." The employee in this case had left the car, and was not engaged in any work or employment for the company at the time of the assault. He had, for the time being, abandoned his post, and was not doing service for the company, as in each of the three cases last cited. The assault was not made while the motorman was in the line or in the discharge of his duty. 20 Am. and Eng. Enc., 168n, 169; 1 Thompson Neg., Secs. 525, 526. If the plaintiff's contract of passage had not terminated, and the plaintiff had been

assaulted while on the car or upon leaving it, by an employee, then the company would be liable, whether the employee was acting within the scope of his employment at the time or not, for, as was said in *Cook v. Railroad,* 128 N. C., at page 336, it can never be in the scope of an employee's service to assault any one wrongfully. "Acting within the general scope of his employment means while on duty." *Ibid.* This is the limitation upon the liability of the company for torts of its employees towards those not passengers or under the protection of the contract of safe carriage at the time of the tort.

The law can hardly be better summed up than in the following extract from the brief of the learned counsel for the defendant:

"To render the defendant liable,

"(1) The plaintiff must have been a passenger on defendant's car at the time he was stricken, or still within the sphere of its protection; *or,*

"(2) The employee must have been acting at the time within the scope of his employment on defendant's car."

New Trial.