## T. H. THOMAS v. SOUTHERN RAILWAY COMPANY.

(Filed 9 May, 1917.)

**1. Carriers of Passengers—Station Platforms—Safety of Passengers—Duty of Carrier.**

One who is on the passenger platform of a railroad company at its station with the purpose of becoming a passenger on its expected train is entitled to the protection due a passenger from dangerous conditions and usages there.

**2. Same—Mail Agents—Negligence—Notifying Government.**

Where the mail agent on the trains of a railroad company has continuously failed to use a crane provided for taking mail therefrom while rapidly passing its station, but has habitually thrown the bags on the passenger platform, to the danger of the passengers thereon, knowledge of such conditions will be imputed to the company, and the failure of the company to duly notify the proper Government officials of this fact is its own negligence, for which it is liable in damages for an injury to a passenger thereby proximately caused, and evidence that the required notice had been given is for the defendant to introduce.

APPEAL by plaintiff from *Ferguson, J.,* at December Term, 1916, of BURKE.

*Avery & Huffman for plaintiff.*
*S. J. Ervin for defendant.*

CLARK, C. J.  The plaintiff on 27 September, 1915, went to Bridge-water Station on the defendant's road to take the westbound train. He took his seat in the waiting-room, but, it being cold, he went out on the platform, and while waiting for the westbound train he sat down on the platform of the station four or five steps from the ground, 8 feet from the track and 2 feet from the edge of the platform. While sitting there the defendant's eastbound passenger train came by the station at a speed of about 35 miles an hour, and while passing at such speed a mail bag, weighing 35 to 40 pounds, was thrown from the mail car, striking the plaintiff on his leg, causing serious injury. The defendant had been in the habit of running by said station without stopping and permitting the mail bag to be thus thrown off. The plaintiff having come on the premises for the purpose of becoming a passenger, and within a reasonable time, was entitled to the protection of a passenger. *Hansley v. R. R.*, 115 N. C., 603; *Tillett v. R. R., ib.*, 662; s. c., 118 N. C., 1032.

The testimony was that the train was running about 35 miles an hour; that there was a crane for mail purposes, but instead of using it, the defendant was in the habit of throwing out the mail pouch, which sometimes rolled up to the very steps of the platform, and the mail pouch was often thrown off at any point between the crane, which was 75 feet from the platform, down to the platform, and that the pouch thus thrown on this occasion struck the plaintiff, who was on the platform.

We presume that the court below nonsuited the plaintiff upon the ground that the defendant was not liable for the negligence of the postal clerk in the service of the Federal Government; but this practice was dangerous, and, being habitual, it was negligence in the defendant not to have reported it to the Postoffice authorities, which would doubtless have required the mail clerk to use the crane. If the defendant made such report, or took any other steps to stop this practice, this was a matter which the defendant should have put in evidence. In *Mangum v. R. R.*, 145 N. C., 155, *Brown, J.,* said: "For the same reason, *Muster v. R. R.*, 61 Wis., 325, cited by the defendant, is no authority, in our opinion, to sustain its contention. In that case a postal clerk negligently threw out a mail bag at an unusual place where he had never before thrown it. The court held that the company could not anticipate such conduct, and therefore was not called upon to take precautionary measures to prevent injuries. On the contrary, it was held in *Snow v. R. R.*, 136 Mass., 552, that 'A passenger waiting on a platfrom at the railroad station for a train, and injured by a mail bag being thrown from a passing train, such throwing being customary and well known to the company, may recover of the railroad company therefor.' The decision is put upon the ground that, although the postal clerk is not the agent of the railroad company, but is the agent of the National

Government exclusively, the custom being known to the company, it must take precautions to protect its passengers from injurious consequences."

It was further held in *Mangum v. R. R., supra* (at p. 154): "The defendant owed a duty to plaintiff, and to all other passengers, to keep the depot platforms used by them as a means of ingress and egress free from obstructions and *dangerous instrumentalities,* especially at the time when its passengers are hurrying to and from its cars. *Pineus v. R. R., supra; R. R. v. Johnson,* 36 Kan., 769."

*Mangum v. R. R.* has been cited with approval in *Roberts v. R. R.,* 155 N. C., 84, where the Court says that public carriers "must not only provide safe platforms and approaches thereto, but they are bound to make it safe for all persons when they come to their stations in order to become passengers." To same purport *Fulghum v. R. R.,* 158 N. C., 561.

To same purport as to the liability of the common carrier for injuries sustained by mail pouches being thrown from moving trains to the injury of passengers, *R. R. v. Rhodes,* 30 C. C. A., 157; *Carpenter v. R. R.,* 97 N. Y., 494; and many other cases cited in the excellent brief of the plaintiff's counsel.

The authorities are summed up in Cyc., 609, 610, as follows: "A carrier will be liable if a passenger is injured by reason of the throwing of mail pouches from postal cars in such way as to involve danger to passengers, if it has permitted postal clerks to adopt an unsafe method of delivering such pouches."

The judgment of nonsuit must be

Reversed.