J. MATT HAM v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 8 November, 1922.)

**Instructions—Damages—Punitive Damages—Appeal and Error—Prejudice.**

> There was evidence on the trial tending to show, in plaintiff's behalf, that the defendant railroad company's agent at its station assaulted the plaintiff without provocation, while he was on the defendant's depot premises to purchase a ticket as a passenger on its train; and, in defendant's behalf, that the plaintiff was there as an idler and loafer, making

himself a general nuisance, and grossly insulted the defendant's agent, upon being ordered from the premises, in a manner well calculated to provoke the assault complained of: *Held*, a charge to the jury that they might award punitive damages in their discretion is reversible error, without the further instruction upon the conflicting evidence on the principle that such are allowable only in instances of malice, gross negligence, or other cause of aggravation in the act which caused the injury.

APPEAL by defendant from *Harding, J.*, at May Term, 1922, of FORSYTH.

Civil action to recover damages for an unlawful assault upon plaintiff by defendant's agents and employees in breach of the duty owed from defendant to plaintiff. There was evidence on part of plaintiff tending to show that in March, 1920, plaintiff was in and upon the premises of the railway station at Walkertown for the purpose of buying a ticket and taking the next train to Walnut Cove on defendant road, and while there for the purpose, the agent of defendant made an unlawful assault upon plaintiff with an insulator, an inkwell, and an iron poker, inflicting severe wounds and bruises, from which he still suffers.

There was evidence on part of defendant tending to show that plaintiff was not on defendant's premises for the purpose of becoming a passenger, but was there as an idler and a loafer, making himself a general nuisance. That he refused to leave when ordered off, and before going or attempting to leave, and before any assault made upon him, plaintiff grossly insulted defendant's agent, and in a manner well calculated to provoke the assault complained of.

On issues submitted, the jury rendered the following verdict:

"1. Did the defendant, the Norfolk and Western Railway Company, through its agent, unlawfully assault the plaintiff, as alleged? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover therefor? Answer: '$2,000.'"

Judgment on verdict for plaintiff, and defendant appealed, assigning errors.

*McMichael, Johnson & McMichael for plaintiff.*
*F. M. Rivinus, Murray Allen, Raymond G. Parker, and Craige & Vogler for defendant.*

HOKE, J. As now advised, we discover no error in this case as to the rule by which the question of liability has been determined, nor as to the award of compensatory damages, *Harrison v. R. R.*, *ante*, 86; *Clark v. Bland*, 181 N. C., 110, but we are of opinion that reversible error appears in the charge of the court on the question of punitive damages. Speaking to this question of punitive damages in the concurring opinion

of *Ammons v. R. R.,* 140 N. C., 200, it was said: "Exemplary or puni-
tive damages are not given with a view to compensation, but are under
some circumstances awarded in addition to compensation as a punish-
ment to defendant, and as a warning to other wrongdoers. They are not
allowed as a matter of course, but only where there are some features
of aggravation, as when the wrong is done willfully and maliciously, or
under circumstances of rudeness and oppression, or in a manner that
evinces a reckless and wanton disregard of plaintiff's rights." And in
the prior case of *Holmes v. R. R.,* 94 N. C., 318, it was held that
punitive damages are not to be allowed "unless there is an element of
fraud, malice, gross negligence, insult, or other cause of aggravation in
the act which causes the injury." Both of these statements were cited
with approval in the recent case of *Cottle v. Johnson,* 179 N. C., 430,
and in that case, among other things, it was directly held: "Where
there is allegation and conflicting evidence that the defendant alienated
the affections of the plaintiff's wife, and also had criminal conversation
with her, it is error for the trial judge to charge the jury that they may
award punitive damages in their discretion without instructing them
upon the law relating to the principles upon which punitive damages
may only be awarded."

The charge of his Honor in the principle case comes directly within
the condemnation of this ruling. For he tells the jury that in addition
to compensatory damages they may add "such an amount of punitive
damages as would be a reasonable punishment to the defendant for its
wrongful acts," without giving any further statement of the principles
that should guide them to a correct and proper determination of such a
question.

For this error we are of opinion that there must be a new trial of the
cause, and it is so ordered.

New trial.