UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE L. HOFFMANN,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee,

and

LARRY CROUCH,
Defendant.

No. 98-1128

BRUCE L. HOFFMANN,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee,

and

JAMES M. REFENES,
Defendant.

No. 98-1129

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-96-281-l, CA-96-282-1)

Argued: March 2, 1999

Decided: June 23, 1999

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and LEE, United States District Judge
for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeremy Young Taylor, NATIONAL LEGAL RESEARCH GROUP, INC., Charlottesville, Virginia, for Appellant. Clifford Carson Marshall, Jr., Assistant United States Attorney, Asheville, North Carolina, for Appellee. **ON BRIEF:** Charles R. Brewer, Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bruce Hoffmann sued two fellow Veterans Administration ("VA") employees, James Refenes and Larry Crouch, in North Carolina court, alleging slander and libel. Acting pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, the United States Attorney for the Western District of North Carolina certified that Refenes and Crouch had made the statements of which Hoffmann complains within the scope of their employment. As a result, the United States moved to substitute itself for both Refenes and Crouch, and the case was removed to district court. The United States further moved to dismiss, asserting sovereign immunity.

Hoffmann now appeals the district court's order substituting the United States as defendant and dismissing his complaints. Because we, like the district court, conclude that Hoffmann failed to prove that Refenes and Crouch acted outside the scope of their employment, we affirm.

2

I.

Hoffmann, Refenes, and Crouch work at the Veterans Administration Medical Center ("VAMC") in Asheville, North Carolina. Hoffmann is an Engineering Technician at the VAMC, as are Refenes and Crouch.

In 1994, the relationship between Hoffmann and his co-workers became adversarial. Hoffmann claims that he caught Refenes in improper activities regarding a government contract. Hoffmann filed a complaint about Refenes's alleged actions. Near the same time, Refenes and Crouch taped some of Hoffmann's phone conversations without Hoffmann's knowledge. When Hoffmann discovered this, matters deteriorated.

At about the time these actions occurred, Hoffmann filed several internal VA complaints, suits under the FTCA, and a workers' compensation claim. As a result of some of these filings, the VA began an internal investigation of Hoffmann's claims. Both Refenes and Crouch, along with their immediate supervisors, filed affidavits as part of this investigation. Refenes and Crouch also filed their own formal complaints, generally alleging that Hoffmann was acting erratically, that he was unpleasant to work with, and that he had made statements about his "survivalist" activities that caused them to fear for their safety in the workplace. Also, Refenes and Crouch discussed these concerns with co-workers.

As a result of these various accusations and counter-accusations, Hoffmann filed this suit in North Carolina court. In his complaints, he alleged that certain written and oral statements made by Refenes and Crouch were defamatory.*

_____
*The statements of which Hoffmann complains can be summarized as follows:

1. Statements by Refenes:

> a. Allegations in a formal, written complaint Refenes submitted to his and Hoffmann's superiors at the VA. Specifically, Hoffmann believes Refenes falsely stated that:

3

After Hoffmann filed suit, the United States Attorney certified that, when the defendants made the statements at issue, they were acting within the scope of their employment. As a result, the United States

_____

(1) Hoffmann made false accusations against him;

(2) Hoffmann ignores the VA chain of command and has complained to officials in Washington, D.C. about nonexistent problems;

(3) Hoffmann "boasted that he was a survivalist," that he could make explosives, that his property is booby-trapped, and that he is armed;

(4) Hoffmann lacks computer expertise and is causing extra work for his colleagues, including Refenes;

(5) Hoffmann lacks interpersonal skills and is incompetent; and

(6) Refenes is, for various reasons, scared of Hoffmann and fears for his own safety in the workplace.
b. Factual statements in an affidavit Refenes submitted in response to a VA investigation that Hoffmann initiated. Specifically, Hoffmann complains that Refenes alleged the following:

(1) Hoffmann is not following VA procedures and is doing things his own way;

(2) Refenes filed a complaint against Hoffmann;

(3) Refenes questions whether Hoffmann is dangerous; and

(4) Hoffmann may have improperly obtained some supplies from the VA hospital.

c. Oral statement to a co-worker--in response to that co-worker's concerns that Hoffmann might be suicidal--in which Refenes said that Hoffmann had offered to "take out" the boyfriend of Refenes's daughter. Refenes had been having trouble with the boyfriend.

2. Statements by Crouch:

a. Written statements made in a formal complaint that Crouch filed with the VA to complain about Hoffmann:

(1) Hoffmann told Crouch that Hoffmann had shot at a car and this had caused Crouch to fear Hoffmann;

4

moved to substitute itself as defendant, and the case was removed to the district court for the Western District of North Carolina. The district court then referred the case to a magistrate judge.

After a discovery period, the parties presented their evidence regarding whether Refenes and Crouch had been acting within the scope of their employment when they allegedly defamed Hoffmann. The magistrate judge concluded that the defendants had acted within the scope of their employment. He recommended that the United States be substituted for Refenes and Crouch as the defendant, and that Hoffmann's case be dismissed on grounds of sovereign immunity. The district court, over Hoffmann's objection, adopted the magistrate judge's recommendations in a carefully crafted opinion.

II.

Hoffmann now appeals, arguing that the district court erred in concluding that Refenes and Crouch made the relevant statements within the scope of their employment. Because the district court correctly

_____

(2) Hoffmann told Crouch that Hoffmann had booby-trapped his property; and

(3) Crouch believes that Hoffmann is behaving erratically and lacks adequate hygiene.

b. Written affidavit submitted in response to an internal investigation that Hoffmann had initiated within the VA. Specifically, Hoffmann complains of the following facts averred by Crouch:

(1) Hoffmann lacks computer skills;

(2) Hoffmann is making false accusations against Crouch and is paranoid; and

(3) Hoffmann lacks interpersonal skills and basic hygiene.

c. Oral statement to another co-worker about things Hoffmann allegedly told Crouch--i.e., Hoffmann shot at a car and has land mines in his yard.

d. Oral statement to Crouch's supervisor that the supervisor should call security if Hoffmann appeared at the office on a day when Hoffmann was supposed to be on leave.

determined that the statements were made within the scope of Refenes's and Crouch's employment, we affirm.

A.

The district court's conclusion that the defendants acted within the scope of their employment resolves a legal question, and we review it de novo. Maron v. United States, 126 F.3d 317, 326 n.8 (4th Cir. 1997). But we must accept the district court's factual findings in support of its decision on this issue unless they are clearly erroneous. Id.

B.

1.

This case arises under the FTCA, as amended by the Federal Employee Liability Reform and Tort Compensation Act ("FELRTCA"). See 28 U.S.C. §§ 1346(b), 2671-80. These acts immunize a federal employee from liability for "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment." 28 U.S.C. § 2679. When a federal employee is sued in tort, the United States Attorney for that district must certify whether the employee was acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). If the United States Attorney certifies that the employee acted within the scope of his or her employment, then (1) the United States is substituted as a defendant; (2) suits filed in state court must be removed to federal court; and (3) the plaintiff may sue the United States only in accordance with the FTCA. Maron , 126 F.3d at 321.

Under the FTCA, the United States may be sued only for causes of action for which it has waived sovereign immunity. Importantly for this case--and fatally for Hoffmann's claims--the United States has not waived immunity in defamation suits. Johnson v. Carter, 983 F.2d 1316, 1323 n.9 (4th Cir. 1993) (overruled on other grounds by Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995)). As a result, if the United States is substituted as defendant in a defamation suit, the case must be dismissed because of sovereign immunity.

6

2.

Because Hoffmann has brought tort suits against two federal employees, this case turns on the question whether the defendants were acting within the scope of their employment when they made the alleged defamatory statements. The United States Attorney has certified that the employees <u>were</u> acting within the scope of their employment. This certification is prima facie proof that the defendants were acting within the scope of their employment. <u>Maron</u>, 126 F.3d at 322. Thus Hoffmann must prove by a preponderance of the evidence that the defendants' actions were beyond the scope of their employment. <u>Id.</u> at 322-23.

In defining the scope of the defendants' employment, the district court--and we--must apply the law of the state in which the tort allegedly occurred. <u>Id.</u> at 323-24. Here, all parties were employed in North Carolina at all relevant times, and the law of that state therefore applies.

Although North Carolina courts have explained their "scope of employment" test in various ways, the explanation most easily applied to this case focuses on whether, at the time of the relevant action, the employee was seeking to advance his employer's--or his own--purposes:

> If the act of the employee was a means or method of doing that which he was employed to do, though the act be wrongful and unauthorized or even forbidden, the employer is liable for the resulting injury, but he is not liable if the employee departed however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do.

<u>Wegner v. Delly-Land Delicatessen</u>, 153 S.E.2d 804, 808 (N.C. 1967). In other words, if, in the performance of his duties, an employee "adopts a method which constitutes a tort," his employer is liable because the tort occurred while the employee "was about his master's business." <u>West v. F.W. Woolworth Co.</u>, 1 S.E.2d 546, 549 (N.C. 1939). But torts committed solely to carry out a personal vendetta are outside the scope of one's employment. <u>See Troxler v. Char-</u>

7

ter Mandala Center, Inc., 365 S.E.2d 665, 668 (N.C. App. 1988) (reasoning that defamatory statements made "for a malicious purpose" are not within scope of employment).

North Carolina has applied its "individual purpose" rule in all types of tort cases, including those involving intentional torts such as defamation. E.g., West, 1 S.E.2d 546. And although North Carolina regards such intentional torts as only rarely within the scope of an employee's duty, Medlin v. Bass, 398 S.E.2d 460, 464 (N.C. 1990), we have held that, regardless of applicable state law, the FELRTCA does not prohibit the substitution of the United States as a party in the case of intentional torts, Maron, 126 F.3d at 326.

3.

Here, Hoffmann argues that when Refenes and Crouch made the statements at issue, they were "motivated by their personal desire to punish Hoffmann for his whistleblowing and to destroy Hoffmann's credibility." As a result, he argues that they acted out of personal malice, and therefore they could not have been acting within the scope of their employment.

But the district court specifically rejected Hoffmann's characterization of his co-workers' motivation: "[T]he Court rejects Plaintiff's argument that Refenes and Crouch had a personal motivation to retaliate against him." Instead, the district court found that Refenes and Crouch made these statements out of a desire for"self preservation in the context of their employment in response to complaints filed against them by Plaintiff who initiated investigations into their conduct." As a result, the district court found that Refenes and Crouch acted in the course of their employment, not out of personal malice.

The district court's finding that Refenes and Crouch did not act out of personal motivation is crucial to this appeal, and it is well-supported by the record. All the alleged defamatory statements were made either within the formal VA investigation process or to other co-workers. The VA's internal investigation process certainly contemplates that its employees will make full and candid statements in connection with such investigations. Further, all of these statements relate either to Hoffmann's actions in the workplace or to his per-

8

ceived threat to workplace safety, both of which are relevant to the defendants' job duties.

Given these undisputed facts, we cannot say that the district court clearly erred when it found that, in making the statements at issue, Refenes and Crouch acted in furtherance of their proper duties and not out of improper personal motives. Consequently, we hold that Hoffmann has failed to demonstrate that Refenes and Crouch acted outside the scope of their employment when they made the statements of which he complains. See Clemmons v. Life Ins. Co., 163 S.E.2d 761, 765 (N.C. 1968) (employee acts within scope of employment when acting to further employer's purpose, not personal motive).

III.

Because Hoffmann has failed to prove that Refenes and Crouch acted outside the scope of their employment, we affirm the district court's order substituting the United States as sole defendant and dismissing Hoffmann's complaint on grounds of sovereign immunity.

AFFIRMED

9