HAYES v. RAILROAD.

(Filed April 24, 1906).

*Railroads—Ejection—Issues—Harmless Error—Trespassers — Brakemen — Proximate Cause — Damages — Child's Earnings.*

1. In an action to recover damages for forcible ejection from defendant's train, an issue as to whether plaintiff was injured by being "negligently, wantonly and forcibly ejected" was unnecessary where the court submitted an issue as to whether the plaintiff was injured by the negligence of the defendant and an issue as to damages, but it is not reversible error to have submitted all three.

2. Although the plaintiff was a trespasser and wrongfully on defendant's train, and was attempting to perpetrate a fraud by beating his way on top of the car, yet he may recover damages of the defendant for the violence of the brakeman in cursing him and driving him from the top of a rapidly moving train, causing him to fall.

3.  It is within the scope of the brakeman's agency to eject trespassers from the train, and, therefore, it follows that if he did it in an unlawful and violent manner, thereby endangering life or limb, the defendant is responsible for his conduct.

4.  The fact that plaintiff struck the clearance post on the track and was thrown under the wheels did not make the brakeman's act in forcing plaintiff off a rapidly moving train any the less the proximate cause of the injury.

5.  The jury have no right to allow punitive damages unless they draw from the evidence the conclusion that the wrongful act causing the injuries was accompanied by fraud, malice, recklessness, oppression or other wilful and wanton aggravation on defendant's part.

6.  In an action by a 17-year-old boy by his next friend to recover for personal injuries, an instruction on the issue of damages which permitted the jury to allow plaintiff for loss of work from the time of the injury until he comes of age, was erroneous, as the father is entitled to his child's earnings until the child becomes of age.

ACTION by Glenn Hayes, by his next friend, against Southern Railway Co., heard by *Judge Chas. M. Cooke* and a jury, at the January Special Term, 1905, of the Superior Court of GUILFORD.

This was an action to recover damages for forcible ejection from the defendant's train. The court submitted the following issues:

1. Was the plaintiff injured by the negligence of the defendant? Ans. Yes.

2. Was the plaintiff injured by the defendant company negligently, wantonly and forcibly ejecting him from its moving train, as alleged in the complaint? Ans. Yes.

3. What damage is the plaintiff entitled to recover, if any? Ans. $1,800.

To the second issue the defendant excepted. From the judgment rendered, defendant appealed.

*Brooks & Thomson* for the plaintiff.
*King & Kimball* for the defendant.

BROWN, J.   1. The second issue was unnecessary.   The entire case could have been presented under the first and third issues, or in view of the evidence, it could have been better presented under the second and third issues without the first.   But it is not reversible error to have submitted all three.

2. The evidence is somewhat conflicting, but plaintiff's evidence tended to prove that plaintiff, a seventeen-year-old boy, boarded a mixed freight and passenger train at Greensboro for the purpose of riding to Summerfield.   That he and the brakeman sat down on top of a box car side by side and rode a couple of miles when the brakeman ordered plaintiff to get off the train, cursing him and using violent and threatening language; that the plaintiff remonstrated, saying that he was willing to get off if he would stop the train, and agreeing to do so when the train stopped at the Battle ground, the next station; that the brakeman continued cursing, drove him from the top of the train down the ladder along the side of the train, and followed him, stamped on his fingers and finally drove him from the train, causing him to fall, when his leg struck the clearance post, which threw him under the wheels of the car, crushing off his right leg and severely mashing his left foot.   The brakeman, according to the testimony of all the witnesses, was on duty as brakeman, and was in the discharge of his usual duties as brakeman at the time of the occurrence.   All the evidence discloses that plaintiff was a trespasser and wrongfully on defendant's train, and that he was attempting to perpetrate a fraud on defendant by beating his way on top of the car, with the brakeman's connivance at the start.   Yet it seems that under our authorities he may recover damages of the defendant for the violence of the brakeman, although

the plaintiff could not recover had he been injured in an accident resulting from negligence, for the company owed him no duty as a passenger. It is said in *Pierce v. Railroad,* 124 N. C., 63, that "a trespasser's wrongful act in getting on a car does not justify making him get off in a manner calculated to kill or cripple him." To the same effect is *Lewis v. Railroad,* 132 N. C., 382; *Cook v. Railroad,* 128 N. C., 333, and authorities therein cited.

3. It was within the scope of the brakeman's agency to eject trespassers from the train, and, therefore, it follows that if he did it in an unlawful and violent manner, thereby endangering life or limb, the defendant is responsible for his conduct. This is so held in *Cook's case, supra,* and many other cases. In the case of *Hoffman v. R. R.,* 87 N. Y., 25, the Court of Appeals of New York says: "In this case the authority to remove the plaintiff from the cars was vested in the defendant's servants. The wrong consisted in the time and mode of exercising it. For this the defendant is responsible, unless the brakeman used his authority as a mere cover for accomplishing an independent and wrongful purpose of his own." *Higgins v. R. R.,* 46 N. Y., 23; *Rounds v. R. R.,* 64 N. Y., 129; *Railroad v. Flexman,* 103 Ill., 546. See also authorities collected in 62 American Reports, 381.

4. The jury accepted the plaintiff's version of the facts by answering the issues in his favor. According to this the undoubted and immediate cause of the injury was the wrongful conduct of the brakeman in forcing plaintiff off a rapidly moving train. The fact that the plaintiff struck the clearance post on the track and was thrown under the wheels does not make the brakeman's act any the less the proximate cause of the injury. The first requisite of proximate cause is the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce the injury, and the second requisite is that it did produce it. *Brewster v. Elizabeth City,* 137 N. C., 395.

The brakeman must have foreseen the great danger to the life and limb of the plaintiff in violently forcing him off a rapidly moving freight train, and but for his act the injury could not have occurred. That it was the direct cause would seem to admit of no doubt.

5. It seems from the authorities that, although the wrongful act was committed by a brakeman, the jury may, in the exercise of a sound discretion, under plaintiff's version of the evidence in this case, if believed, award punitive damages, if they see proper to do so. They are not obliged to award them in any case, and should look carefully into the facts and circumstances before doing so. Mr. Thompson says if the agent of the carrier *maliciously* uses unnecessary force in ejecting a trespasser, it may be a case for exemplary damages. 3 Thompson on Neg. (2 Ed.), section 3253. This court has said in many cases that punitive damages may be allowed, or not, as the jury see proper, but they have no right to allow them unless they draw from the evidence the conclusion that the wrongful act was accompanied by fraud, malice, recklessness, oppression or other wilful and wanton aggravation on the part of the defendant. In such cases the matter is within the sound discretion of the jury. *Knowles v. Railroad,* 102 N. C., 59, and cases cited. Punitive damages have been allowed by the courts for the wrongful and violent conduct of brakemen. *Hanson v. R. R.,* 62 Me., 84; *Goddard v. R. R.,* 57 Me., 202; *R. R. v. Candor,* 75 Ga., 51. Also of engineers. *Cobb v. R. R.,* 37 S. C., 194. It would seem from the authorities that, where the brakeman is acting for the company and within the scope of his agency, the general principles of the law relating to exemplary or punitive damages apply to him as well as to the conductor.

6. Upon the issue of damages the court instructed the jury that "if they come to consider the third issue, they shall allow for damages the loss of the plaintiff by reason of his

total disability to work, while totally disabled, and for partial disability since then," etc. We think this instruction contains error in that it permitted the jury to allow plaintiff for loss of work from the time of the injury until he comes of age. It is elementary law that the father is entitled to his child's earnings until the child becomes of age. For this error we award a new trial upon the issue of damages.

Partial New Trial.