ANNIE L. HUFFMAN v. SOUTHERN RAILROAD COMPANY.

(Filed 24 September, 1913.)

1. **Railroads — Principal and Agent—Conductor—Malicious Abuse of Passenger—Scope of Employment.**

    The use of abusive and insulting language to a female passenger, by a conductor on a passenger train, because she had not purchased a ticket for a 9-year-old child, traveling with her, is an act done within the scope of his employment, and binding upon the railroad, without its ratification, as an act of its vice-principal.

2. **Railroads—Conductor—Malicious Abuse of Passenger—Punitive Damages.**

    A railroad company is liable in punitive damages for the willful, wanton, and malicious abuse by its conductor of a female passenger traveling on his train, occasioned by her not having purchased a ticket for her 9-year-old child traveling with her.

APPEAL by defendant from *Carter, J.,* at April Term, 1913, of WAYNE.

Civil action. The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*No counsel for the plaintiff.*
*J. L. Barham for· the defendant.*

BROWN, J. The jury found that defendant's conductor did maliciously, willfully, wantonly, and rudely mistreat and humiliate plaintiff while a passenger on its train.

The only exception necessary to consider relates to the issue as to damage.

The plaintiff was a passenger on the defendant's train, having her child over 9 years old with her, but no ticket for the child. The conductor rightfully demanded payment of the child's fare. As to what occurred then, there is a marked conflict of evidence. Plaintiff testifies that she reached down in her purse to get the child's fare, when the conductor publicly and without cause wantonly insulted her by telling her that "she was nothing but a cheap, common scalawag of a woman, or otherwise she would have purchased a ticket for the child."

Plaintiff says this "got her dander up," and that she retaliated by calling the conductor a dirt dauber, and saying "she would whip him in twenty minutes but for the disgrace; that the conduct of the conductor and his remarks made her sick; that she had never had her feelings hurt so bad; that she had never been so insulted in her life; that there were a great many ladies and gentlemen on the train, and that they looked at her hard."

The conductor testified that he asked plaintiff for the child's fare, and she emphatically refused to pay it; that he told her he had no right to pass a 9-year-old child free; that plaintiff then said that she would pay it, but she knew why he was so persistent; that he wanted to put it into his pocket and put it to his own use; that he then told her that she was a woman and a cheap-skate, and that he would ·not say anything more to her about it, and that she abused him all the way, calling him a rascal, scoundrel, and many other epithets.

The contention that the defendant is not liable for the conductor's conduct, whatever at the time it may have been, cannot

be maintained. He was in charge of the train, collecting tickets, acting within the scope of his authority, and a vice-principal representing defendant. Under the facts of this case, ratification was not necessary to render defendant responsible for his act. *Stewart v. Lumber Co.,* 146 N. C., 47; *Sawyer v. R. R.,* 142 N. C., 1.

Upon the issue of damages, the judge stated the evidence and contentions of both sides fully and instructed the jury that in order to warrant the awarding of punitive damages in their sound discretion, they must previously find that the conductor first maliciously, willfully, and wantonly insulted the plaintiff.

His Honor followed the well settled decisions of this Court. *Holmes v. R. R.,* 94 N. C., 321, and cases cited in notes.

No error.