JESSE ANGE v. THE WOODMEN OF THE WORLD.

(Filed 28 February, 1917.)

1. Corporations—Torts—Principal and Agent—Respondeat Superior.

Corporations are held liable for negligent or malicious torts committed by their agents in the course or scope of their employment, or therein directed to be done; and when such conduct constitutes an actionable wrong, the corporation principal, as in other cases of principal and agent, is liable, not only for the act itself, but for the ways and means in the performance thereof by the agent.

2. Same—Insurance—Fraternal Orders—Initiation—Rituals—Damages.

Where an incorporated fraternal order does an insurance business as a principal or controlling feature, with branch or subordinate lodges through which members are admitted under an initiation or ceremony as prescribed by a ritual from the sovereign lodge, the latter is regarded as a principal, nothing else appearing, operating through the subordinate lodges, as its agents; and where, as a part of this initiation ceremony, an applicant for membership is led blindfolded in a room, and told that as a test of his strength, he must pull upon a lever of a certain machine upon which he is placed, which results in his serious damage from a shock of electricity, throwing him upon the floor, etc.: *Held,* the tort of the subordinate lodge will be imputed to the sovereign one, and the latter will be held answerable for the damage proximately caused.

3—173

**3. Same—Trials—Evidence—Burden of Proof.**

> Where it is made to appear that a sovereign lodge is liable for the negligence or malicious torts of a subordinate lodge, causing serious damage to an applicant for membership while undergoing a prescribed ritual, evidence which takes the case from without the rule, or tends to show that they were not prescribed by the ritual, or consent given, or of which the defendant has peculiar knowledge, and relevant to the defense, should be shown by it.

**4. Criminal Law—Consent—Damages.**

> No consent of the party injured will bar a prosecution or prevent a civil recovery for acts causing damage which involve a breach of the criminal law.

CIVIL ACTION, tried before *Whedbee, J.,* and a jury, at August Term, 1916, of WASHINGTON.

The action was to recover damages for physical injuries received when plaintiff was being initiated into a subordinate lodge of defendant, the Sovereign Camp or the Order.

At the close of plaintiff's testimony, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*W. M. Bond, Jr., for plaintiff.*
*G. V. Cowper, R. H. Lewis, Jr., and R. A. Whitaker for defendant.*

HOKE, J. From the testimony introduced by plaintiff and the admissions in the pleadings, it appeared, or there were facts in evidence tending to show, that the defendant, the Sovereign Camp of the Woodmen of the World, was a corporation duly organized and doing an insurance business on the fraternal plan as a principal or controlling feature, and that the Jamesville Lodge was a branch or subordinate lodge of defendant through which, with others of like kind, individuals were admitted as members of defendant lodge under an initiation or ceremony as prescribed by a ritual prescribed and issued by the defendant, the sovereign lodge, to its subordinates or branches; that on the .... day of June, 1915, plaintiff, having applied for admission as member in defendant lodge, was being initiated by the local lodge at Jamesville and, as a part of the ceremony then exercised, plaintiff was blindfolded and carried into a room, was placed on a machine similar to a pair of platform scales and told to pull a certain level which would register his strength, as this was required by the lodge and by the defendant, the Sovereign Camp; that plaintiff thereupon pulled the lever as directed and immediately received a severe shock of electricity which threw him out on the floor and caused him serious and painful injuries; "that plaintiff was then carried to his room, was confined to his bed for some time, had several fits, has suffered serious and permanent injuries, and

has since been unable to work." It was further shown that another individual had been admitted as member of defendant lodge a short time before the night in question, and that he, too, was placed on said machine and received an electric shock similar to that described by plaintiff. A number of witnesses testified to the good health of plaintiff prior to his initiation and that, since then, he has been under the care and attention of various doctors; that he had had fits and been unable to perform his work, etc. Upon this the evidence chiefly relevant to the issue as the case is now presented, we are of opinion that plaintiff's exception to his Honor's judgment of nonsuit must be sustained.

It is now fully established that corporations may be held liable for negligent and malicious torts, and that responsibility will be imputed whenever such wrongs are committed by their employees, and agents, in the course of their employment and within its scope. *Moore v. R. R.,* 165 N. C., 439; *Huffman v. R. R.,* 163 N. C., 171; *Seward v. R. R.,* 159 N. C., 241; *Marlowe v. Bland,* 154 N. C., 140; *Sawyer v. R. R.,* 142 N. C., 1; *Jackson v. Telegraph Co.,* 139 N. C., 347; *Daniel v. R. R.,* 136 N. C., 517; *Denver, etc., R. R. v. Harris,* 122 U. S., 601; *Levi v. Brooks,* 121 Mass., 501.

In many of the cases, and in reliable text-books, the term "course of employment" is stated and considered as sufficiently inclusive; but, whether one or the other descriptive term is used, they have the same significance in importing liability on the part of the principal when the agent is engaged in the work that his principal has employed or directed him to do and the conduct of the agent complained of occurs in the effort or endeavor to accomplish it. When such conduct comes within the description and constitutes an actionable wrong, the corporation principal, as in other cases of principal and agent, is liable not only for "the act itself, but for the ways and means employed in the performance thereof."

In Reinhardt on Agency, sec. 335, the position and the reason for it is very well stated as follows: "If a legal wrong is committed by an accountable being, the party injured may obtain redress therefor in damages. If the wrong was committed by his authorized agent or servant, the result is the same. By 'authorized agent' it is not meant to imply that the wrongful act itself must be authorized by the principal or master; or that any presumption of that nature must be indulged before the principal can be held responsible; it is sufficient if the agent was authorized to perform the act in the performance of which the wrong was committed; for the principal is responsible, not only for the act itself, but for the ways and means employed in the performance thereof. The principal may be perfectly innocent of any actual wrong

or of any complicity therein, but this will not excuse him, for the party who was injured by the wrongful act is also innocent; and the doctrine is that where one of two or more innocent parties must suffer loss by the wrongful act of another, it is more reasonable and just that he should suffer it who has placed the real wrong-doer in a position which enabled him to commit the wrongful act, rather than the one who had nothing whatever to do with setting in motion the cause of such act. 'In such cases,' says Story, 'the rule applies (*respondeat superior*), and it is founded upon public policy and convenience, for in no other way could there be any safety to third persons in their dealings, either directly with the principal or indirectly with him through the instrumentality of agents. In every such case the principal holds out his agent as competent and fit to be trusted, and thereby, in effect, he warrants his fidelity and good conduct in all matters within the scope of the agency.' " And again, in the same work, section 336, the author says: "Of course, if the master or principal authorized or ratified the tort, or participated in it himself, he will be liable for the damages occasioned by it. But if he did not authorize or ratify it he will still be liable if it was done in the course of the agent's or servant's employment; and this is so even if the master or principal had actually forbidden the act to be done. The test is, whether the tort was committed in the course of the employment of the servant or agent; if the wrongful act complained of was outside of the course of such employment, the master or principal is not liable, unless it was subsequently ratified."

It will thus be noted that if the wrong complained of is committed within the course of the agent's employment and within its scope, the principal may be held liable, though it went beyond his express direction and even contrary thereto. Applying these recognized principles to the facts in evidence, as they now appear, it is the fairly permissible inference that this plaintiff, while being admitted to membership in the defendant, the sovereign lodge, through an initiation carried on by a local lodge as its agent and for which the defendant had prescribed a ritual, has received serious if not permanent injuries by reason of a violent electric shock, used as and purporting to be a part of the ceremonial. And if these facts are accepted by the jury, and they further find that injuries of that character were received as the proximate result of the agent's conduct in conducting the initiation to membership, the defendant would be properly held liable as for a negligent wrong and must respond in damages to the sufferer. According to our interpretation of the present record, the position is in accord with the authorities heretofore cited and is fully supported by well considered cases bearing more directly on the question. *Thompson v. Supreme Tent*, 189 N. Y., 294; *Mitchell v. Leach*, 69 S. C., 419; *Kinver v.*

*Phœnix Lodge,* 7 Ont., 377; *Grand Temple and Tabernacle of Knights of Tabernacle v. Johnston,* (Texas Civ. App.), 171 S. W., 490. This last case seems to have been carried, by writ of error, to the Supreme Court of the United States, and we do not find that the same has, as yet, been reported or acted on, but the general principles, as stated in the opinions of the State courts, are in accord with the other cases we have cited on the subject. Neither the ritual nor constitution or by-laws of defendant or of the local lodge, if any such exist, were offered in evidence by either party on the trial, and it does not appear whether plaintiff had access to them or not. The case has been disposed of on the general evidence as to the authority and conduct of the local lodge as set out in the preliminary statement. Whether in the further development of the cause there may be facts available tending to show that the local lodge is not the agent of the defendant in the matter of admission to membership in the defendant, the sovereign lodge; whether, in the ritual prescribed by defendant, the authority of the local lodge is so regulated and controlled that the act of initiation could in no sense be held as coming within the course of the agency of the local lodge, and whether, in the ultimate issue, the plaintiff may be held to have knowingly consented to the ceremony as carried out, and how far this may affect his right to recover, these are matters that may be relevant on the question of the company's defense, and some of them, being more particularly within defendant's knowledge, the proof or the offering of it would more properly come from the company. *Furniture Co. v. Express Co.,* 144 N. C., 639; *Meredith v. R. R.,* 137 N. C., 478; *Mitchell v. R. R.,* 124 N. C., 236; Lawson on Presumptive Evidence, Rule 5. And in reference to the effect of plaintiff's consent, if there was any knowingly given, it may be well to note the decisions in this jurisdiction to the effect that no consent will bar a prosecution nor prevent a civil recovery for acts causing damage which involve a breach of the criminal law. *S. v. Williams,* 75 N. C., 134; *Bell v. Hansley,* 48 N. C., 131.

Defendant cited and greatly relied upon the case of *Juniper Sov. Camp v. Woodmen of the World,* reported in 127 Federal, 635, as in contravention of our present disposition of the cause. In that case the Court in its opinion refers to a ritual offered in evidence and tending to show that the injuries received were entirely outside of any part of the ceremony as therein contained, and, further, to a position, as supported by the testimony or contended for by defendant, to the effect that the particular act causing the injury was not a part of the ceremony of initiation at all, but occurred after and when the claimant had become a member of the local lodge. Neither the ritual nor any provision of the same nor any evidence of the kind suggested was offered on the

present trial, and we do not consider it permissible—assuredly it is not desirable—to indicate, by anticipation, what effect such restrictive evidence, if it existed, might have on the plaintiff's right of action. Apart from this, the case relied on, in its general aspects, does not seem to be in accord with the principles of imputed responsibility for the torts of an agent as it prevails in this jurisdiction.

On the record as it now stands, we must hold and direct that the judgment of nonsuit to bet aside and the cause, on proper issues, be referred to the decision of the jury.

Reversed.