M. C. COBB v. ATLANTIC COAST LINE RAILROAD COMPANY ET AL.

(Filed 27 February, 1918.)

### 1. Appeal and Error—Issues and Answers.

Issues answered in appellant's favor are necessarily excluded from consideration on his appeal.

### 2. Evidence—Trespass, Willful—Contempt—Findings of Court.

Upon an issue as to whether a trespass was committed willfully and wantonly, in disregard of plaintiff's rights, the facts theretofore found by the trial judge upon adjudicating the defendant in contempt may not properly be introduced in evidence; but the evidence upon which the adjudication had been made is competent.

### 3. Trespass, Willful—Punitive Damages—Negligence.

Where punitive damages are sought for a willful and wanton trespass to the damage of plaintiff's land caused by the blasting operations of the defendant, the answer to this issue is dependent upon that of the issue as to the defendant's willfulness and wantonness in continuing to blast, and only actual damages may be awarded if the defendant had only negligently continued to do so.

### 4. Damages—Punitive Damages—Trials—Discretion of Jury.

It is within the discretion of the jury to award punitive damages for a willful and wanton trespass.

CIVIL ACTION, tried before *Daniels, J.,* at October Term, 1917, of WILSON, upon these issues:

1. Was the plaintiff, M. C. Cobb, damaged by the trespasses of the defendants, as alleged? Answer: "Yes."

2. What amount of damages by way of compensation is the plaintiff entitled to recover? Answer: "$15."

3. Were such trespasses committed wantonly and willfully and in reckless disregard of the plaintiff's rights? Answer: "No."

4. What amount of punitive damages, if any, is the plaintiff entitled to recover? Answer: ----------------

From the judgment rendered, the plaintiff appealed.

*H. G. Connor, Jr., for plaintiff.*
*F. S. Spruill for defendant.*

BROWN, J. This action is brought to recover damages arising out of blasting operations conducted by defendant railroad company upon its quarry near plaintiff's lands. The evidence tends to prove that the effect of the blasts was to throw quantities of loose rock upon plaintiff's land, breaking shingles, injuring houses, causing his laborers to leave work, and materially injuring plaintiff's property.

As the jury found for plaintiff on first and second issues and he did not appeal, the assignments of error are necessarily confined to the third issue.

For the purpose of proving that the alleged trespasses were wanton and willful, the trial judge permitted plaintiff to introduce an injunction order issued by *Devin, J.,* restraining defendant *pendente lite,* and evidence that the defendant violated the restraining order by continuing the blasting operations while the order was in force. *Cobb v. R. R.,* 172 N. C., 60.

Among the other allegations in the complaint, plaintiff avers that defendants were cited for contempt of court for violating said injunction and punished by fine therefor. The defendant moved to strike out this allegation, which motion was allowed, and plaintiff excepted.

During the progress of the trial the plaintiff offered in evidence a rule issued by *Judge Connor* 8 July, 1916, and the judgment of *Judge Whedbee* rendered upon said rule, and also offered in evidence the rule issued by *Judge Connor* 11 August, 1916, against the defendant railroad and its codefendants, and the judgment of *Judge Allen* thereon of 8 September, 1916. Upon objection, these two rules and the judgment rendered thereon were excluded, and the plaintiff excepted. We think the exceptions cannot be sustained.

The controversy embodied in the third issue was as to the wanton and willful character of the trespass. For the purpose of sustaining plaintiff's contention that the acts of defendant were willful, wanton and in disregard of plaintiff's rights, the court permitted the plaintiff to introduce the injunction order and to prove that the acts were continued while the injunction was in force and, consequently, in violation of it. These facts were clearly relevant to the issue, but we fail to see what bearing the subsequent proceedings in contempt could have. The jurors had before them the injunction order restraining the defendant, together with the evidence of plaintiff and his witnesses, that pending the injunction the stone and débris were thrown from the quarry upon his land. Every fact that the judge who punished defendant for contempt could have had before him was introduced in evidence before the jury. The opinion of the judge in the contempt proceedings was not binding upon the jurors upon the trial of the issues. The judge who tried the case is prohibited by law from throwing the weight of his opinion upon the facts into the jury box. We, therefore, see no reason why the opinion and findings of fact of another judge in contempt proceedings should be permitted to go to the jury for the purpose of influencing their verdict. The cases cited by the learned counsel for plaintiff, *McCoy v. Donley,* 20 Pa. St., 85, and *Windham v. Rhome,* 73 Am. Dec., 116, in our opinion, are not pertinent.

The principle decided in both cases is, as we interpret them, that when a nuisance is not abated after one verdict, a jury may give punitive damages in a second action brought for the continuance of the nuisance, upon the ground that there is failure to abate it after verdict, it is presumed that the defendant's original act was willful, and from which an intention to continue the nuisance is inferred.

The remaining assignments of error are directed to the charge upon the third issue, as follows:

"If you are satisfied that there was merely a negligent operation unaccompanied by willfulness or wantonness, then you would answer it No. Or if the injury of the plaintiff was the result of mere negligence of the operation of the quarry, you would answer it No. You can only answer it Yes if the evidence upon a fair consideration of it satisfies you by its greater weight that the trespasses committed by the defendants were done willfully and wantonly.

I repeat what I said before, that if the evidence satisfies you only that the operation was merely negligent, or that the injury was inflicted as the result of accident, then you would answer it No."

We fail to see error in this instruction. It simply directed the jury to find for plaintiff on that issue if from the evidence they concluded that the defendants' conduct was willful and wanton. Otherwise to find for defendant.

The third issue was submitted as a basis for punitive damages. Had it been found for plaintiff, the jury could have awarded punitive damages, but even then they were not bound to do so. It was a matter in their sound discretion. But unless the finding upon that issue was for plaintiff, the jury could not award other than actual damage, which had been awarded under the second issue.

In *Hayes v. R. R.,* 141 N. C., 199, this Court said: "This Court has said in many cases that punitive damages may be allowed, or not, as the jury see proper, but they have no right to allow them unless they draw from the evidence the conclusion that the wrongful act was accompanied by fraud, malice, recklessnes, oppression, or other willful and wanton aggravation on the part of the defendant. In such cases, the matter is within the sound discretion of the jury." *Smith v. Ice Co.,* 159 N. C., 151; *Mottsinger v. Sink,* 168 N. C., 548; *Hoffman v. R. R.,* 163 N. C., 171; 8 Rul. Case Law, p. 586.