L. S. FORD v. W. J. MCANALLY.

(Filed 16 November, 1921.)

**1. Evidence—Pleadings—Nonsuit.**

The pleadings will be liberally construed and the evidence taken in the light most favorable to plaintiff, on defendant's motion for judgment thereon.

**2. Malicious Prosecution—Evidence—Punitive Damages.**

The requisites of maliciousness, wantonness, and recklessness, and want of probable cause, in order to recover punitive damages in an action for malicious prosecution, is sufficiently evidenced when the testimony tends to show that the defendant caused the plaintiff to be arrested, cursed him, had policemen to arrest and incarcerate him without a warrant, and appeared before the committing magistrate and participated in the prosecution, which resulted in acquittal, taxing the plaintiff, as prosecutor, with the cost.

**3. Damages—Punitive Damages—Public Policy.**

Punitive damages are allowed in proper cases on the ground of public policy for example's sake, and given to the plaintiff because it is awarded in his suit.

**4. Same—Verdict—Discretion of Jury—Excessive or Arbitrary—Appeal and Error.**

Where punitive damages are allowable, their award is in the sound discretion of the jury, and the amount so ascertained will not be disturbed on appeal, unless excessively disproportionate to the circumstances of contumely and indignity present in each particular case, and in the instant case the verdict therefor is not regarded as being arbitrarily or harshly rendered, upon the facts appearing of record.

APPEAL by defendant from *Finley, J.,* at April Term, 1921, of GUILFORD.

Civil action to recover damages for an alleged assault, false arrest and malicious prosecution.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Did the defendant assault the plaintiff as alleged in the complaint? Answer: 'Yes.'

"2. If so, what damage is the plaintiff entitled to recover of the defendant? Answer: '$25.'

"3. Did the defendant cause the arrest and prosecution of the plaintiff as alleged? Answer: 'Yes.'

"4. If so, was the arrest without probable cause? Answer: 'Yes.'

"5. If so, was the arrest malicious? Answer: 'Yes.'

"6. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$3,079.' "

There was a judgment entered on the verdict in favor of the plaintiff, from which the defendant appealed.

*J. Allen Austin and John A. Barringer for plaintiff.*
*W. P. Bynum, S. S. Alderman and C. C. Barnhart for defendant.*

STACY, J. There is no exception or question presented on the initial cause of action arising out of the alleged assault. Defendant concedes that the plaintiff is entitled to judgment on the first two issues, but contends that the allegations of the complaint and the evidence adduced on the hearing were not sufficient to warrant the verdict on the remaining issues, or those relating to the second cause of action.

Giving the complaint a liberal construction, as we are required to do under C. S., 535, and considering the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, we think the verdict and judgment should be upheld.

There is evidence on the record tending to show that, after the assault and without any warrant or other legal process, the plaintiff was arrested at the instance of the defendant and taken by two policemen to the police station in the city of High Point. The defendant followed the officers and made application, at the police station, for a peace warrant and left instructions that the plaintiff be locked up, which was done, and he remained in jail from about 9 a.m. until approximately 7 p.m., or practically the entire day: The evidence also discloses that the defendant signed the warrant in blank, which was afterwards filled out by one of the officers, charging L. S. Ford, plaintiff herein, with an assault with a deadly weapon, to wit, a pistol. At the trial on the following morning in the recorder's court Ford was acquitted and the prosecuting witness, defendant herein, was taxed with the cost.

The defendant denied that the arrest was made at his instance, or that he gave any instructions to have the plaintiff committed to jail under the warrant; but, during the course of his examination, he testified as follows:

"At the trial I asked the court to tax me with the costs. I did that because I was sorry for the man. The reason for my sympathy was just because I thought that he was feeble, hardly a responsible man. It was after I made the request that the court released him. I was the least bit angry, when I was down there at the gallery. Yes, sir, I will say I was angry. I was angry enough to fight, but I didn't propose to fight him."

It is further contended by the defendant that, under authority of *Oakley v. Tate,* 118 N. C., 361, he should not be held responsible for the prosecution because of the officer's error in filling out the blank warrant,

charging the present plaintiff with an assault, when application had been made for a peace warrant only. But it appears unmistakably that the plaintiff was arrested without any warrant at all; that Dr. McAnally was present at the trial on the following morning, and the jury have found that he was there aiding in the prosecution. It could hardly be said that he was ignorant of what was going on. At any rate, there was no request to correct the error and change the warrant. Indeed, it would seem that by conduct, at least, the defendant adopted the warrant and ratified what the officer had done. The jury evidently took this view of the matter, as it was submitted to them by the court, and they have found, in answer to the third issue, that the defendant caused the arrest and prosecution of the plaintiff.

The defendant objected to the submission of the fifth and sixth issues and contended that there was no evidence in the case to justify an award of punitive damages, citing *Lewis v. Clegg,* 120 N. C., 292. But upon the attendant facts and surrounding circumstances, the jury have found that the defendant acted wrongfully and that he was actuated by malice. Indeed, he himself testified: "As to Mr. Ford's statement on the witness stand that I told the officers to arrest him, what was said was that I told them I wanted a peace warrant for him. I did, as he stated, ask the officers at the gallery and at the lockup to lock him up, that he was crazy. I believe I did say that the man was crazy. I think that today. I didn't curse him. I expressed an opinion. I said 'get out of the way, you damned fool.' That is the only thing I said, or any kind of profanity."

We think, upon the whole case, his Honor correctly submitted the issues to the jury.

Punitive damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton and reckless manner. The defendant's conduct must have been actually malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights. When these elements are present, damages commensurate with the injury may be allowed by way of punishment to the defendant. But these damages are awarded on the grounds of public policy, for example's sake, and not because the plaintiff has a right to the money, but it goes to him merely because it is assessed in his suit. Both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury. *Cobb v. R. R.,* 175 N. C., 132; *Fields v. Bynum,* 156 N. C., 413; *Hayes v. R. R.,* 141 N. C., 199; *Smithwick v. Ward,* 52 N. C., 64. However, the amount of punitive damages, while resting in the sound discretion of the jury, may not be excessively disproportionate to the cir-

cumstances of contumely and indignity present in each particular case. *Gilreath v. Allen,* 32 N. C., 67; *Sloan v. Edwards,* 61 Md., 100; *Bernheimer v. Becker,* 3 L. R. A. (N. S.), 221.

In the case before us it would seem that the jury have been liberal in their award, but we cannot say the amount is disproportionately excessive. The defendant is a physician, and he admitted that he was angry and knew the plaintiff was a feeble man. In fact, he stated that he thought he was crazy. The jury evidently concluded that, under these circumstances, the defendant, with his superior advantages, should have been more charitable in his conduct toward the plaintiff, a man in an unequal and less fortunate condition. It is unbecoming in the strong to deal oppressively with the weak; and the jury evidently thought the present defendant should be taxed with a substantial sum in the form of punitive damages, or smart money. We cannot say they have acted arbitrarily or harshly. It does not so appear on the record.

The remaining exceptions are apparently without special merit; and, upon a careful consideration of the whole case, we have found no sufficient reason for disturbing the result of the trial.