BERNICE LORENE ROBINSON, by Her Next Friend, MRS. IRENE ROBINSON, v. L. F. McALHANEY and JACK HEWITT.

(Filed 28 September, 1938.)

**1. Master and Servant § 21b—In absence of ratification, master may be held liable for servant's tort only if committed in course of employment.**

In order to hold the master liable for the negligent or malicious tort of his servant, the injured third party must show that the act done by the servant was in the scope of his employment and in furtherance of the work which the servant was employed to do, or that the master ratified the wrong, and in the absence of ratification the master may not be held liable for a tort committed by the servant in a spirit of vindictiveness or to gratify his personal animosity, or to carry out an independent purpose of his own outside the scope of his employment.

**2. Same—Under the evidence, whether employee was engaged in employment at the time and committed the tort in furtherance thereof, held for jury.**

The evidence tended to show that defendant employer was having furniture moved out of the cabin occupied by plaintiff and her sister and mother, that his employee was helping truckmen remove the furniture, and as a result of an altercation with plaintiff, struck her. The evidence was conflicting as to whether defendant employer instructed his employee to help remove the furniture or that defendant employer knew that he was in fact helping the truckmen remove same. *Held:* Under the evidence, it was for the jury to determine whether the employee was about the employer's business at the time, and if so, whether he was acting in the scope of his employment in assaulting plaintiff, and on appeal from the county court, the Superior Court properly sustained defendant employer's exceptions to the charge of the trial court in instructing the jury in effect that if the employer saw his employee about to commit the assault and did not stop him it would establish as a matter of law the employer's liability therefor, and in failing to give instructions requested that if the employee stepped aside from his employment and committed the tort in a spirit of personal vindictiveness, the employer would not be liable.

**3. Damages § 8—Awarding of punitive damages is in the discretion of the jury.**

The awarding of punitive damages is in the discretion of the jury even though the evidence is sufficient to support an award, and an instruction that if the jury found that the assault complained of was committed under circumstances of oppression or rudeness, it would be the duty of the jury to award punitive damages, is error.

APPEAL by plaintiff from *Alley, J.,* at April Term, 1938, of BUNCOMBE. Affirmed.

This is a civil action instituted in the general county court of Buncombe County to recover damages for the wrongful and malicious assault

upon the plaintiff by the defendant Hewitt; it being alleged that said defendant was at the time acting as the agent and employee of the defendant L. F. McAlhaney.

There was judgment for the plaintiff in the general county court. The defendants, assigning error, appealed to the Superior Court.

The defendant L. F. McAlhaney was in possession of a piece of property known as the Cherokee Tourist Home located on the waters of Oconaluftee River, at the entrance to the Great Smoky Mountains National Park in Swain County. There were a number of cabins on the property, one of which was occupied by the plaintiff and her mother and sister. The defendant McAlhaney operated the Cherokee Tavern, including dining room, a souvenir shop, a filling station and rooms, and in connection therewith employed Jack Hewitt. Plaintiff's mother went to Asheville, leaving furniture and other personal property in the cabin occupied by her. The defendant McAlhaney sent a truck and driver with helpers to move out the personal property left by plaintiff's mother and to place other furniture therein. The plaintiff and her sister objected. Thereupon Mr. Bryson, who was operating the truck, went to find Mr. McAlhaney. As he was away he spoke to Mr. Hewitt, who told him that he would have to wait until Mr. McAlhaney returned. Upon Mr. McAlhaney's return he went to the cabin with Dan Bryson, went in the cabin and began to direct the removal of the furniture. Hewitt followed and began to move the furniture from the porch to the truck. Plaintiff forbade the defendant Hewitt to enter the cabin. In the altercation which followed Hewitt struck the plaintiff.

In the county court issues were submitted to and answered by the jury as follows:

"1. Did the defendant Hewitt assault the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, was the defendant Hewitt at the time of the assault, and in making said assault, acting as the duly authorized agent of his codefendant, L. F. McAlhaney? Answer: 'Yes.'

"3. What amount, if any, is plaintiff entitled to recover as compensatory damage? Answer: '$1,000.00.'

"4. What amount, if any, is plaintiff entitled to recover as punitive damage? Answer: '$100.00.' "

When the cause came on to be heard in the Superior Court, the court below sustained certain exceptive assignments of error made by the defendants and ordered a new trial, except as to the first issue. The plaintiff excepted and appealed.

*Weaver & Miller and Irwin Monk for plaintiff, appellant.*

*Dan K. Moore, Baxter Jones, and Jones, Ward & Jones for defendants, appellees.*

BARNHILL, J.   This cause came on to be heard in the court below on questions of law raised by the defendants' exceptive assignments of error as provided by the act creating the general county court of Buncombe County.   There were 47 assignments of error made by the defendants upon their appeal from the general county court.   Of these the court below sustained twenty-five and overruled the others.

In the instant case the court below acted as an intermediate court of appeals and it was necessary for it to rule upon all of defendants' assignments of error.   However, it is not necessary for us to discuss all of the questions presented on plaintiff's appeal.   Disposition of two of the assignments of error requires the affirmance of the judgment below. The others may not again arise on the retrial of the cause.

The judge of the general county court declined to instruct the jury as requested by the defendants as follows: "The court charges the jury that where the servant steps aside from his master's business for however short a time to commit a wrong not connected with such business the relation of master and servant will be deemed for the time suspended and that the master is not liable therefor."   Instead, on this aspect of the case, the court charged the jury: "Now, if you find from the evidence by the greater weight, the burden being on the plaintiff to so satisfy you that at the time the assault was committed the defendant Hewitt, was acting under the direction and authority of the defendant McAlhaney, either express or implied; that is, the circumstances may be such as to warrant an implication that he was acting under his authority if he saw him there working and did not stop him, or if he saw him about to commit the assault and did not interfere and intervene to prevent it the law would imply that the defendant Hewitt was acting for him.   Or, if you find from the evidence, and the greater weight of the evidence, that he was expressly instructed, as the plaintiff contends that he was, to help these furniture men move the furniture into the cabin, then he would be acting within the scope of his employment and that would constitute him the agent for the purpose of helping to move the furniture in and would authorize you to answer the issue 'Yes.'"

The master is liable for the negligence and for the malicious torts of his employee whenever such wrongs are committed by the employee in the course of his employment and within its scope.   *Ange v. Woodmen,* 173 N. C., 33, 91 S. E., 586; *Jackson v. Telephone Co.,* 139 N. C., 347, 51 S. E., 1015; *Munick v. Durham,* 181 N. C., 188, 106 S. E., 665.   The decisive question is: "Was the agent's act in the course of his employment and whilst about the master's business?"   No ironclad test can be given, but in all cases the question whether the act was committed by the servant in the service of his employer or for his own purpose is one for the jury in view of all the circumstances.   Wood, Master and Servant,

594; *Hussey v. R. R.,* 98 N. C., 34, 3 S. E., 923; *Daniel v. R. R.,* 117 N. C., 592, 23 S. E., 327. The master is not liable for the resulting damage when his servant steps aside from the master's business to commit a wrong not connected with his employment. *Marlowe v. Bland,* 154 N. C., 140, 69 S. E., 752; *Dover v. Mfg. Co.,* 157 N. C., 324, 72 S. E., 1067; *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137; *Snow v. DeButts,* 212 N. C., 120; *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096; *Roberts v. R. R.,* 143 N. C., 176, 55 S. E., 509. To charge a third party with liability for the wrongs of another it must not only appear that the one who committed the wrong was in fact the agent or employee of the third party, but it must also be shown that at the time the wrong was committed the wrongdoer was about his master's business and acting within the range of his employment, unless his conduct was thereafter ratified by the principal. *Snow v. DeButts, supra,* and cases there cited. The test is: Was it done within the scope of his employment and in the prosecution and furtherance of the business which was given to him to do? If an assault is committed by the servant, not as a means or for the purpose of performing the work he was employed to do, but in a spirit of vindictiveness or to gratify his personal animosity or to carry out an independent purpose of his own, then the master is not liable. 30 C. J., 1307, L. R. A., 1918 F, 534; 10 A. L. R., 1079; *Jackson v. Scheiber,* 209 N. C., 441, 184 S. E., 17; *Snow v. DeButts, supra.*

There was conflicting evidence as to whether Hewitt was an employee of McAlhaney in assisting in the removal of property from the cabin, and as to whether the defendant McAlhaney knew that Hewitt was in fact assisting the truckmen. It was for the jury to determine whether Hewitt at the time was a servant and employee of McAlhaney and was about his master's business. It was likewise a question of fact for the jury as to whether, even though Hewitt was at the time a servant of McAlhaney, he acted within the scope of his authority and was about his master's business in assaulting plaintiff, or stepped aside from his employment to commit a wrong prompted by a spirit of vindictiveness or to gratify his personal animosity or to carry out an independent purpose of his own. Neither the fact that he was there working and McAlhaney did not stop him, nor the fact (if it be such) that McAlhaney saw him about to commit the assault and did not interfere and intervene to prevent it, establishes as a matter of law that Hewitt was acting for McAlhaney in committing the assault as the charge of the court clearly implies. Nor does proof that Hewitt was authorized to assist in the removal of the furniture necessarily require the conclusion that he was about his master's business in committing the assault. This is a question for the jury. It follows that there was error in declining to give the prayer requested by the defendant, as well as in the quoted portion of the charge.

The court likewise charged the jury on the fourth issue: "If you find that the assault was committed under circumstances of oppression or rudeness, then it would be your duty to answer the issue in some amount, whatever you consider, based on all the evidence, would be fair and reasonable under the circumstances, not to be arbitrary, to act only upon the evidence which you have heard."

The court below correctly ruled that this charge constituted prejudicial error.

A jury is never compelled to award punitive damages. If the evidence is such as to support an award of punitive damages it is still discretionary with the jury as to whether such damages will be allowed, subject only to the inherent power of the court to set aside an excessive or disproportionate award. As said in *Hayes v. R. R.,* 141 N. C., 195, 53 S. E., 847: "This Court has said in many cases that punitive damages may be allowed, or not, as the jury sees proper, but they have no right to allow them unless they draw from the evidence the conclusion that the wrongful act was accompanied by fraud, malice, recklessness, oppression, or other willful and wanton aggravation on the part of the defendant. In such cases the matter is within the sound discretion of the jury." *Knowles v. R. R.,* 102 N. C., 59, 9 S. E., 7; *Smith v. Ice Co.,* 159 N. C., 151, 74 S. E., 961; *Motsinger v. Sink,* 168 N. C., 548, 84 S. E., 847; *Huffman v. R. R.,* 163 N. C., 171, 79 S. E., 307; *Cobb v. R. R.,* 175 N. C., 130, 95 S. E., 92; *Ford v. McAnally,* 182 N. C., 419, 109 S. E., 91.

Plaintiff's exceptive assignments of error cannot be sustained. The court below will remand the cause to the general county court of Buncombe County for a new trial upon all the issues except the first.

Affirmed.