SANDERS HARRIS v. QUEEN CITY COACH COMPANY.

(Filed 24 September, 1941.)

**1. Damages § 9—**

An instruction to the effect that if the jury found that defendant acted willfully and maliciously in committing the wrong that then it was in the discretion of the jury as to the amount that it would fix as punitive damages, is error, since the finding of willfulness and malice does not in itself entitle plaintiff to recover punitive or exemplary damages, but both the awarding of punitive damages and the amount to be allowed, if any, rests in the sound discretion of the jury.

**2. Damages § 8: Carriers § 6—**

An instruction that if defendant carrier declined to give plaintiff a seat in its bus because plaintiff is a Negro, to answer the issue of willfulness and maliciousness in plaintiff's favor, *is held* erroneous, since such refusal under certain circumstances might be actuated by protective or benevolent impulses rather than by malice.

APPEAL by defendant from *Johnston, Special Judge,* at March Term, 1941, of BUNCOMBE.

This action is stated in plaintiff appellee's brief to be "to recover compensatory and exemplary damages from the defendant by reason of the defendant's willful and deliberate failure and refusal to transport him on its bus from Rutherfordton to Asheville in an empty seat defendant had in the rear of the said bus at the time."

There was evidence tending to show that the plaintiff, a colored preacher, purchased at the defendant's bus station in Rutherfordton a ticket to Asheville; that when the bus arrived at Rutherfordton there was at least one vacant seat in the rear thereof; that when the plaintiff entered the bus the driver started to seat him on the vacant seat in the rear, but when one of the passengers, a white man sitting in the rear of the bus, shook his head at the driver, the driver told the plaintiff he could ride in the front of the bus in a space near the entrance thereto, and that when the plaintiff stated it would be dangerous to ride there the driver told him to get off the bus; that the plaintiff did get off the bus and it was driven off without him; that the plaintiff surrendered his ticket to the ticket agent from whom he had purchased it and was refunded the amount he had paid therefor; that the plaintiff was caused to miss an appointment to preach in Asheville, that he was exposed to the weather, and that he was damaged and humiliated by being refused transportation on the bus operated by the defendant as a common carrier.

The jury, in response to issues submitted to them, found that the defendant wrongfully refused to transport the plaintiff, and assessed his compensatory damages at $200.00, and further found that the defendant willfully and maliciously refused to transport the plaintiff, and assessed his exemplary or punitive damages at $600.00.

From judgment predicated on the verdict the defendant appealed, assigning errors.

*Sanford W. Brown for plaintiff, appellee.*
*Williams & Cocke for defendant, appellant.*

SCHENCK, J. The defendant, appellant, assigns as error the following excerpt from his Honor's charge: "If you answer that issue (the third issue relating to alleged willfulness and maliciousness of the refusal of

the defendant to transport the plaintiff) yes, that is if you find that the wrong done this boy was done in rudeness, with malice, with disregard to the rights of others, then answer that issue yes, or if you find that he was declined that seat because he was a Negro, answer that issue yes. If you fail to so find answer it no.

"Then if you say yes to the issue, it is a question in your sound discretion as to what amount you will fix as punitive damages in this case, not to exceed $1,000.00." We are constrained to sustain this assignment of error.

This charge was tantamount to an instruction that the finding by the jury that the refusal of transportation was willful and malicious *ipso facto* entitled the plaintiff to recover exemplary or punitive damage, the amount of which was in the sound discretion of the jury. We do not understand such to be the rule. The rule as gleaned from the authorities is that upon the finding by the jury that the action of the defendant was willful and malicious, the jury may in their sound discretion, determine whether they would award exemplary or punitive damage. In other words, the result as a matter of law is not that the plaintiff is entitled to exemplary or punitive damage upon the finding of willfulness or maliciousness in the action of the defendant, but the result of such finding is to vest in the jury the discretion to determine whether the plaintiff is entitled to recover any such damage; and, further, if the jury determines that the plaintiff is entitled to recover such damage, the amount thereof is to be fixed by them in the exercise of their sound discretion.

"Both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury." *Ford v. McAnally,* 182 N. C., 419, 109 S. E., 91.

"A jury is never compelled to award punitive damages. If the evidence is such as to support an award of punitive damages, it is still discretionary with the jury as to whether such damages will be allowed, subject only to the inherent power of the court to set aside an excessive or disproportionate award. As said in *Hayes v. R. R.,* 141 N. C., 195, 53 S. E., 847: 'This Court has said in many cases that punitive damages may be allowed, or not, as the jury sees proper, but they have no right to allow them unless they draw from the evidence the conclusion that the wrongful act was accompanied by fraud, malice, recklessness, oppression, or other willful and wanton aggravation on the part of the defendant. In such cases the matter is within the sound discretion of the jury.' *Knowles v. R. R.,* 102 N. C., 59, 9 S. E., 7; *Smith v. Ice Co.,* 159 N. C., 151, 74 S. E., 961; *Motsinger v. Sink,* 168 N. C., 548, 84 S. E., 847; *Huffman v. R. R.,* 163 N. C., 171, 79 S. E., 307; *Cobb v. R. R.,* 175

N. C., 130, 95 S. E., 92; *Ford v. McAnally,* 182 N. C., 419, 109 S. E., 91." *Robinson v. McAlhaney,* 214 N. C., 180, 198 S. E., 647.

It will be further observed that his Honor used these words: ". . . or if you find that he (the plaintiff) was declined that seat because he was a Negro, answer that (the third) issue yes." We do not apprehend that it necessarily follows as a matter of law that the declining of a seat in a bus by a common carrier to a passenger because he was a Negro was a willful or malicious action. Circumstances are conceivable under which the declining of a seat in a bus to a passenger because of his race might be actuated by protective or benevolent impulses. The most for which such action could be held would be evidence of willfulness and maliciousness.

As there must be a new trial for the error assigned, any discussion of the other interesting questions presented in the briefs, which are not likely to again arise, becomes supererogatory.

New trial.